Agnes, A.J.
1. This is a medical malpractice case in which the plaintiff alleges that the defendant Bonnie Weiner, M.D. was negligent in prescribing a medication (Zocor) to lower his cholesterol levels, at a time when he had hepatitis C, and that as a result of not first ordering blood tests to check for hepatitis the patient developed cirrhosis of the liver and required a liver transplant. The defendant Weiner filed a motion for summary judgment on grounds that she is immune from liability as a public employee under the Massachusetts Tort Claims Act. See G.L.c. 258, §§1 and 2. After briefing and oral argument this court entered a Memorandum and Order dated May 13,2004 in which the defendant’s motion was allowed.
2.No motion for reconsideration has been filed. The plaintiff has filed a notice of appeal from the ensuing separate and final judgment which was entered for the defendant. However, the case has not yet been entered in the Appeals Court.
3. By separate order entered this day, this court has denied a physician’s motion for summary judgment that was based on a claim that the defendant physician is immune from liability as a public employee under the Massachusetts Tort Claims Act. See G.L.c. 258, §§1 and 2. See Litchfield v. Bayley, WOCV 2000-02277 (September 2, 2004) (18 Mass. L. Rptr. 223). Based on the reasoning in that case, this court believes it was in error in allowing the motion for summary judgment in this case. More particularly, in its earlier decision in this case, the court relied on factual assertions in the affidavits submitted by Dr. Weiner (Exhibit A to the defendant’s Memorandum of Law at para. 15) and Dr. Gore, the defendant physician’s Department Chief (Exhibit B to the defendant’s Memorandum of Law at para. 13). Dr. Weiner’s affidavit states in part that at all relevant times she was under the “direction and control” of the Department Chief and the Division Chief in providing “medical care to patients.” Dr. Gore’s affidavit states in part that Dr. Weiner was required to act in accordance with the rules and regulations promulgated by the Trustees of the University of Massachusetts and that while she “generally exercised independent judgment in her treatment of patients, that judgment was always subject to the right of ultimate control by the University of Massachusetts Medical Center.” The defendant did not assert that in her care and treatment of the plaintiff she was subject to any particular or specific direction and control of any other physician or superior. The plaintiff, on the other hand, pointed out in its Memorandum in Opposition at 3, that the record of the medical treatment of the plaintiff does not contain any evidence of any consultation by Dr. Weiner with her Department Chief, and, moreover, evidence exists that Dr. Weiner made the decision to prescribe Zocor entirely on the basis of her own independent judgment and from her - experience with the trials of similar drugs.
4. “In order for the immunity doctrine [under G.L.c. 258, §2] to apply, the public employer need not supervise or direct each discrete act performed by the public employee physician. Rather, the central question is whether the public employer "directs and controls the physician’s treatment of the patient." Johnson v. Cooke, 17 Mass. L. Rptr. 517, Worcester Superior Court No. 2000-0050 (March 1, 2004) (McCann, J.), quoting Williams, supra, 413 Mass, at 400. In this case, as in Litchfield, supra, when the facts are viewed in the light most favorable to the plaintiff, notwithstanding the administrative control exercised by the public employer over the activities of the defendant and the general assertion by the defendant and Dr. Gore, her Department Chief, that the public employer had the authority to exercise supervision and control over the defendant, there is a genuine question of fact about whether the defendant was under the direction or supervision of his public employer in the prescribing Zocor to the plaintiff which is at the core of his *256 negligence claim. See Williams v. Hartman, supra 413 Mass. at 400-01; Smith v. Steinberg, supra, 395 Mass. at 668.
ORDER
5. For the above reasons, this court’s earlier order allowing the defendant’s motion for summary judgment is VACATED, and the defendant’s motion for summary judgment is DENIED.